UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COASTAL TRANSPORT CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:16-CV-930 |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| and GLENN HOLLMULLER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant Lexington Insurance Company ("Lexington") hereby removes the action styled and numbered *Coastal Transport Co., Inc., vs. Lexington Insurance Company and Glenn Hollmuller*, Cause No. 2016CI13713, pending in the 288th Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

**I.
INTRODUCTION**

1.      Plaintiff Coastal Transport Co., Inc. ("Plaintiff") commenced this lawsuit on August 15, 2016, by filing Plaintiff's Original Petition ("Petition") in the 288th District Court of Bexar County, Texas.

2.      Plaintiff's Petition names Lexington and Glenn Hollmuller ("Hollmuller") as Defendants. Hollmuller was an adjuster assigned to Plaintiff's insurance claim which is made the basis of this lawsuit.

3.      Plaintiff's Petition only includes a cause of action for Unfair Settlement Practices under Section 541.060 of the Texas Insurance Code against Hollmuller.[1]

4.      Lexington was served with Plaintiff's Petition on August 29, 2016.  Hollmuller was served on September 1, 2016.

5.      Lexington files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6.      Hollmuller need not consent to removal as Lexington contends that Hollmuller was improperly joined.[2] However, to the extent necessary Hollmuller consents to this Notice of Removal as the undersigned attorneys represent both Lexington and Hollmuller.

## II.
## BASIS FOR REMOVAL

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Lexington.**

9.      Plaintiff is a Texas corporation with its principal place of business in San Antonio, Texas.  Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[1]   *See* Plaintiff's Original Petition attached as Exhibit A at p. 8.

[2]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

10.     Lexington is an insurance carrier organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. Lexington is a citizen of both Delaware and Massachusetts for diversity jurisdiction purposes.

11.     Hollmuller is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Hollmuller in this lawsuit. Hollmuller's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Lexington (now and on the date Plaintiff filed this lawsuit).

*(i)     A defendant's citizenship is disregarded for purposes of diversity jurisdiction if the defendant was improperly joined.*

12.     A defendant such as Hollmuller is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[3] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[4] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[5]

13.     Per a recent Fifth Circuit opinion, the improper joinder analysis requires an examination of Plaintiff's Petition under the *Federal* pleading standard.[6] This requires Plaintiff

---

[3]     *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[4]     *See id.*

[5]     *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[6]     *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the

---

to plead "enough facts to state a claim to relief that is plausible on its face."[7] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

14.     Plaintiff's Petition alleges that Hollmuller violated Section 541.060 of the Texas Insurance Code as follows:

> Defendants' acts or practices violated multiple provisions of the Texas Insurance Code, including, but not limited to, unfair settlement practices, in violation of Section 541.060.[9]

15.     This is the only claim asserted against Hollmuller.

16.     Texas law permits claims adjusters to be held liable for violations of Chapter 541 of the Texas Insurance Code, but a plaintiff must allege facts showing that the adjuster, as an individual, committed a violation under Chapter 541.[10] As articulated by the Fifth Circuit, this burden is not met if the plaintiff only alleges injury from an insurer's failure to pay an insurance claim in full.[11] And as recognized by this District, the plaintiff must "distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[12] When a plaintiff alleges purely "boilerplate allegations," there is no cause of action against an adjuster

---

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

[7]     *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[8]     *Twombly*, 550 U.S. at 555.

[9]     *See* Plaintiff's Original Petition at p. 8, ¶ 45.

[10]    *See  Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004).

[11]    *Griggs*, 181 F.3d at 702. (Holding that adjuster was improperly joined because the Texas Insurance Code requires "proof that defendant's conduct was the cause in fact of actual damages. [Insured] claims to have been injured by [insurer's] failure to pay his claim . . .[Insured's] Insurance Code and Deceptive Trade Practices Act claims fail because there is no conceivable basis in law or fact upon which [adjuster's] non-specific statements can be construed as actionable representations that caused the injury alleged by Griggs.").

[12]    *See South Austin Pharm, LLC v. Pharmacists Mut. Ins. Co.,* 2015 U.S. Dist. LEXIS 65582 at *7-8 (W.D. Tex. May 19, 2015) (Lane, J.).

under Chapter 541 of the Texas Insurance Code.[13] Other Districts have elaborated that an adjuster can only be held liable under Chapter 541 if the adjuster's conduct creates an injury that is distinct from an insurance company's denial of policy benefits.[14]

> **(ii)** ***Hollmuller was improperly joined and his citizenship should be disregarded for purposes of diversity jurisdiction.***

17.     Plaintiff has not shown a reasonable possibility of recovery from Hollmuller, meaning Hollmuller was improperly joined in this matter and his citizenship should be disregarded for purposes of diversity jurisdiction.

18.     Plaintiff's Petition includes a conclusory and boilerplate claim that "Defendants" violated Section 541.060 of the Texas Insurance Code.[15] The claim does not delineate between the actions of Lexington and Hollmuller, as neither Defendant is referred to in their individual capacity.

19.     Moreover, the crux of Plaintiff's limited factual allegations against Hollmuller relate directly to Lexington's purported failure to pay Plaintiff's insurance claim in full:

- "On August 13, 2014, Mr. Hollmuller issued a letter on Lexington's behalf accepting in part and declining in part Coastal's claim for the damages it had suffered."

- "In that August 13 letter, Mr. Hollmuller asserted Lexington was declining coverage for the vast majority of the damage Coastal suffered because Lexington believed that damage was not caused by the June 12, 2014 hailstorm or another weather-related event."

---

[13]  *See id.* *at *7-8.

[14]  *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.). "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v.State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[15]  *See* Plaintiff's Original Petition at p. 8.

- "Despite this evidence, Lexington and Mr. Hollmuller continued to unreasonably refuse to accept and pay Coastal's insurance claim."

- "Lexington and Mr. Hollmuller . . . have repeatedly denied Coastal's insurance claim even after their liability was reasonably clear."[16]

20.     These limited factual allegations only allude to an injury from Lexington's denial of policy benefits – which would be paid by Lexington under the policy issued by Lexington if Plaintiff was entitled to any recovery. Plaintiff has not pled any injury otherwise, nor has Plaintiff pled any specific wrongful conduct by Hollmuller in his individual capacity. Although Plaintiff feels that its insurance claim was undervalued and underpaid by Lexington, this does not trigger individual liability against Hollmuller.

21.     Plaintiff does not have a reasonable possibility of recovery against Hollmuller under Chapter 541 of the Texas Insurance Code. Accordingly, Hollmuller's citizenship should be disregarded and complete diversity exists between Plaintiff and Lexington.

## B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.

22.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Lexington's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[17]

23.     Here, Plaintiff's Petition states that Plaintiff seeks to recover over $1,000,000.[18] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

---

[16]   *See* Plaintiff's Original Petition at pp. 5-6, ¶¶ 21-25.

[17]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[18]   Plaintiff's Original Petition at p. 2.

### III.
### CONCLUSION

24.     Because Hollmuller was improperly joined, Hollmuller's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Lexington, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Bexar County, Texas promptly after the filing of this Notice.

26.     Therefore, Lexington hereby provides notice that this action is duly removed.


Respectfully submitted,

By:    /s/ Brett A. Wallingford
       Brett A. Wallingford
       State Bar No. 00797618
       Bwallingford@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEY FOR DEFENDANT LEXINGTON
INSURANCE COMPANY AND GLENN
HOLLMULLER**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served this 19th day of September 2016, by electronic filing as follows:

> Sean E. Breen
> State Bar No. 00783715
> sbreen@howrybreen.com
> James Hatchitt
> State Bar No. 24072478
> jhatchitt@howrybreen.com
> HOWRY BREEN & HERMAN LLP
> 1900 Pearl St.
> Austin, TX 78705-5408
> Telephone:    512-439-4100
> Facsimile:    512-474-8557
> ***Attorneys for Plaintiff***

                                 */s/ Brett A. Wallingford*
                              Brett A. Wallingford