IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| COASTAL TRANSPORT CO., INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-16-CV-930-XR |
| § | |
| LEXINGTON INSURANCE COMPANY § | |
| and GLENN HOLLMULLER, § | |
| § | |
| *Defendants*. § | |

**REMAND ORDER**

On this date the Court considered Plaintiff's Motion to Remand (docket no. 3), Defendant's Response (docket no. 4), and Plaintiff's Reply (docket no. 5).  For the following reasons, the Court GRANTS the motion.

**I.   Background**

According to the Petition, Coastal filed an insurance claim with Defendant Lexington Insurance Company for hail damage to its facility.  Glenn Hollmuller was the adjuster assigned to investigate Plaintiff's insurance claim.  Hollmuller issued a letter on Lexington's behalf accepting in part and declining part Coastal's claim for the damages.  Plaintiff alleges that coverage for "a vast majority of the damage" was denied on the basis that it was not caused by the hailstorm or another weather-related event, but was due to standing water, wear and tear, and inadequate maintenance.  Plaintiff alleges that Hollmuller acknowledged that a hailstorm with large hail had occurred in the area, and that Plaintiff subsequently obtained and presented evidence from independent contractors that the damage was caused by hail, but

1

Lexington and Hollmuller "continued to unreasonably refuse to accept and pay Coastal's insurance claim" even after Hollmuller conducted a second inspection in light of the new evidence.

Plaintiff subsequently filed the present civil action in state court against Lexington and Hollmuller. Plaintiff sues for breach of contract against Lexington, breach of the duty of good faith and fair dealing against Lexington, and deceptive insurance practices against Lexington and Hollmuller. Lexington then removed this action on the basis of diversity jurisdiction. Plaintiff and Hollmuller are individual citizens of the State of Texas, while Lexington is not. Lexington contends that Hollmuller is improperly joined and, thus, complete diversity exists between the parties to permit removal. Plaintiff moves to remand, asserting that complete diversity is lacking because Plaintiff and Hollmuller are both Texas citizens.

## II.     Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time removal. *Louisiana v. Am. Nat. Prop. Cas. Co*., 746 F.3d 633, 636 (5th Cir. 2014). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

### III.   Analysis

In its Notice of Removal, Lexington argues that Hollmuller is improperly joined. Although it acknowledges that an adjuster may be held liable for violations of Chapter 541 of the Texas Insurance Code, it argues that a plaintiff must allege facts showing that the adjuster,

as an individual, committed a violation, and a plaintiff may not allege only an injury from the insurer's failure to pay.  Lexington argues that Plaintiff must distinguish between the actions of Lexington and the actions of Hollmuller and has not done so.

Plaintiff's Petition alleges that it gave the required notice and "Defendants' acts or practices violated multiple provisions of the Texas Insurance Code, including, but not limited to, unfair settlement practices, in violation of  § 541.060(a)."  Plaintiff argues that it has alleged specific actions by Hollmuller in investigating and denying the claim, and that his report formed the basis for Lexington's denial of the claim.  Plaintiff contends that Hollmuller's assessment was unreasonable in light of the evidence and conclusions from multiple independent contractors that the damage was caused by hail.  Plaintiff argues, "The preceding are allegations that Mr. Hollmuller misrepresented material facts relating to the coverage at issue."  In the motion to remand, Plaintiff further specifies that Hollmuller's actions are alleged to violate §§ 541.060(a), 541.060(a)(2), and 541.060(a)(7), which prohibit misrepresenting to a claimant a material fact or policy provisions relating the coverage at issue, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, and refusing to pay a claim without conducting a reasonable investigation.

An adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of some provisions of the Texas Insurance Code. TEX. INS. CODE § 541.002 ("In this chapter . . . 'person' means an individual, corporation, association, . . . other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life

and health insurance counselor."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

Courts have noted the many seemingly inconsistent cases both remanding and denying remand in cases involving claims against an insurer and an adjuster, with one court stating that the different results depend upon the differences in the underlying petitions and the difficulty in applying the improper joinder standard. *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 & n.1 (S.D. Tex. 2001); *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837 (N.D. Tex. May 22, 2009) (noting the numerous cases remanding similar cases but finding them factually distinguishable because plaintiff did not allege specific, actionable conduct by adjuster).

In *Keen v. Wausau Business Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012), the district court held that the plaintiff improperly joined the claims adjuster because his allegations against the adjuster were an almost verbatim recitation of the allegations against the insurer that the insurer failed to conduct a reasonable and objective investigation of the facts giving rise to Plaintiff's claim.  The *Keen* court cited its earlier opinion in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011), in which it stated that when an adjuster's actions "'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *Keen*, 875 F. Supp. 2d at 686 (quoting *Centro Cristiano*, 2011 WL 240335, at *14).

In *TAJ Props., LLC v. Zurich Am. Ins. Co.*, No. H-10-25-12, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010), the court noted that Texas law recognizes claims against insurance adjusters in their individual capacities, but noted that the plaintiff alleged "nothing against [the adjuster] by name in the 'Facts' or 'Causes of Action' sections" and only recited allegations against "Defendants" generally. 2010 WL 4923473, at *3. The court noted that the allegations concerning defendants' conduct were "near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code" and failed "to allege facts describing any actionable conduct by [the adjuster] individually." *Id.* at *4.

However, in other cases, courts have not found improper joinder where the petition alleges facts or claims specific to the adjuster or asserts some claims against the adjuster, some claims against the insurer, and some claims against both. *See Cruz v. Standard Guaranty Ins. Co.*, No. H-10-352, 2010 WL 2269846, at *3 (S.D. Tex. June 4, 2010); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009) (no improper joinder where plaintiff clearly differentiated between the conduct of the insurer and adjusters and alleged that adjusters violated Insurance Code by failing to attempt in good faith to effect a prompt, fair, and equitable settlement and by failing to affirm or deny coverage within a reasonable time). In *Leisure Life*, the court remanded the case where the plaintiff alleged that the adjuster failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement, which is one of Plaintiff's claims in this case. Further, Plaintiff here does allege facts specific to Hollmuller and the Court is able to discern which actions by Hollmuller Plaintiff complains of. Lexington has failed to establish that Plaintiff

has no reasonable likelihood of prevailing on its claims against Hollmuller, and thus has failed to meet its heavy burden of establishing improper joinder.

### IV.     Conclusion

Plaintiff's Motion to Remand (docket no. 3) is GRANTED. The Court finds that complete diversity is lacking and that it therefore lacks original subject matter jurisdiction over this removed action. The case is therefore REMANDED to state court for lack of jurisdiction. *See* 28 U.S.C. § 1447(c), (d). Plaintiff's request for attorney's fees pursuant to § 1447(c), contained in the motion to remand, is DENIED.

It is so ORDERED.

SIGNED this 3rd day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE